HARRY ZLOTNIK, PLAINTIFF-APPELLANT, v. NORTH-
WESTERN NATIONAL INSURANCE COMPANY, DE-
FENDANT-APPELLEE.

HARRY ZLOTNIK, PLAINTIFF-APPELLANT, v. MILWAUKEE
MECHANICS INSURANCE COMPANY, DEFENDANT-AP-
PELLEE.

HARRY ZLOTNIK, PLAINTIFF-APPELLANT, v. JEFFERSON
FIRE INSURANCE COMPANY, DEFENDANT-APPELLEE.

Submitted October 25, 1935—Decided January 31, 1936.

For the defendants-respondents, *Lum, Tamblyn & Fairlie*
and *James Raymond Berry*.

For the plaintiff-appellant, *Harry J. Weiner*.

The opinion of the court was delivered by

WOLFSKEIL, J.  For the purpose of trial these suits were
consolidated.  They were based on three policies of fire insur-
ance, each covering a separate building.  The policies insured
the owner but contained standard mortgagee clauses in favor
of the plaintiff as mortgagee.  The buildings were under con-
struction and when nearly completed were destroyed by the

same fire. Plaintiff sued for the loss alleged to have been sustained by him, as mortgagee. The defense was fraudulent misrepresentation as to the amount of damages and incendiarism. The jury returned a verdict in favor of the defendants and from the judgments entered thereon plaintiff appeals. Five grounds of appeal were assigned but as only two are argued in appellant's brief the others will be considered as having been abandoned. *Sargeant Bros., Inc.,* v. *Brancali,* 107 *N. J. L.* 84, 90; *Kempf* v. *New York, Ohio and Western Railway Co.,* 112 *Id.* 118.

The first point argued is that there was not sufficient legal testimony to justify a verdict. This does not state a proper ground of appeal. No judicial action is challenged or complained of nor is the attention of the appellate court directed to any error which is alleged to have been committed during the trial. It is a fundamental rule that the only matters which are proper subjects for determination by an appellate tribunal in proceedings at law are errors alleged to have been committed by the trial court, then excepted to, and which are specifically assigned as grounds of appeal. *Booth* v. *Keegan,* 108 *N. J. L.* 538; *State Highway Commission* v. *Lincoln Terminal Corp.,* 110 *Id.* 190; *Corby* v. *Ward,* 112 *Id.* 489.

The second point is that the court erred in not directing a verdict in favor of the plaintiff. Nor is this point available as a ground of appeal. From the state of the case it appears that when the motion for a directed verdict was denied the plaintiff's attorney merely excepted to the ruling of the trial court and said, "I will give my reasons later," but, according to the record, this was never done.

An exception to the denial of a motion is not available unless grounds for the motion were stated when the motion was made. *Garretson* v. *Appleton,* 58 *N. J. L.* 386; *Ottowa Tribe* v. *Munter,* 60 *Id.* 459; *Yetter* v. *Gloucester Ferry Co.,* 76 *Id.* 249.

Even assuming that each of the points assigned stated a proper ground of appeal we think there was ample evidence to support the action of the trial court in submitting the case to the jury.

Finding no error the judgments under review are affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   13.

*For reversal*—None.